UNITED STATES of America, Plaintiff–Appellee,

v.

Carina S. PRECIADO, Defendant–Appellant.

No. 06–50649.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 2007.

Filed Oct. 31, 2007.

Nicole A. Jones, Esq., USSD—Office of the U.S. Attorney, U.S. Attorneys Office–Southern District of CA Criminal Division, San Diego, CA, for Plaintiff–Appellee.

Steven F. Hubachek, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: KOZINSKI and RAWLINSON, Circuit Judges, and CEDARBAUM,* Senior District Judge.

**MEMORANDUM ***

1. The district court did find that Preciado had other child care alternatives available. *See United States v. Karterman,* 60 F.3d 576, 583 (9th Cir.1995) ("Although the district court's findings under [Fed.R.Crim.P.] 32(c) must be 'express,'

* The Honorable Miriam Goldman Cedarbaum, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

they need only state the court's resolution of the disputed issues.").

2. Preciado's sentence was reasonable, as it was within the Guidelines and based on three of the factors listed in 18 U.S.C. § 3553(a).

3. The district court did not abuse its discretion by requiring Preciado to remain in the United States unless her probation officer allows her to depart. *See* 18 U.S.C. §§ 3563(b)(13), 3583(d). The district court made sufficient findings that this restriction "involves no greater deprivation of liberty than is reasonably necessary." *United States v. Williams,* 356 F.3d 1045, 1057 (9th Cir.2004). The restriction isn't a due process violation because Preciado hasn't shown that her common-law husband couldn't visit the children in the United States, and Preciado isn't categorically barred from going to Mexico—she just needs her probation officer's consent.

**AFFIRMED.**

